ESTATE OF THOMAS S. GRAY, DECEASED, JO B. GRAY, INDEPENDENT EXECUTRIX AND JO B. GRAY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Gray v. Commissioner
Docket No. 21057-93.
United States Tax Court
T.C. Memo 1995-421; 1995 Tax Ct. Memo LEXIS 422; 70 T.C.M. (CCH) 556; August 28, 1995, Filed *422 Decision will be entered for respondent. Jesus E. Samaniego, for petitioners. Joni D. Larson, for respondent. FAY, Judge FAY
MEMORANDUM OPINION FAY, Judge: By notice of deficiency dated July 15, 1993, respondent determined deficiencies in Jo B. Gray's and Thomas S. Gray's Federal income tax for the taxable years 1988 and 1989 in the amounts of $ 28,486 and $ 37,657, respectively. The issue for decision is whether $ 50,000 of an $ 88,774.50 loan from Tri-State Machinery of El Paso, Inc. Profit Sharing Plan & Trust to Thomas S. Gray in 1988 is a taxable distribution. We hold that it is. Background
The facts have been fully stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated herein by this reference. At the time the petition was filed, Jo B. Gray (petitioner) resided in El Paso, Texas. Thomas S. Gray (decedent), prior to his death on March 25, 1992, was a participant in Tri-State Machinery of El Paso, Inc. Profit Sharing Plan (Profit Sharing Plan). During the years in issue, the Profit Sharing Plan was a qualified employer plan. In 1988, decedent was extended a loan from the Profit Sharing Plan in the amount of $ 88,774.50 (the *423 1988 loan). On December 16, 1988, decedent executed and delivered a promissory note payable "On Demand" for the amount of the loan plus interest at 12-1/2 percent per annum. The entire 1988 loan was fully repaid within 5 years from the date of its inception. On July 20, 1989, decedent was extended two additional loans from the Profit Sharing Plan in the amounts of $ 50,000 and $ 66,915. Each of these loans was evidenced by a separate note dated July 20, 1989. Petitioner and decedent timely filed joint Federal income tax returns for 1988 and 1989. During an audit of petitioner's and decedent's 1988 Federal income tax return, respondent determined that the 1988 loan, payable "On Demand", was not a loan that, by its terms, required repayment within 5 years as required by section 72(p)(2)(B).[1] Respondent also determined that, since the 1988 loan was due "On Demand", it did not provide for substantially level amortization during the term of the loan as required by section 72(p)(2)(C). Consequently, respondent determined at the audit that no exception to the deemed distribution rule of section 72(p)(1) applied and that all of the 1988 loan should be treated as a distribution to decedent. *424 The parties have agreed that the two 1989 loans of $ 50,000 and $ 66,915 are to be treated as taxable distributions. The parties have agreed that $ 38,774.50 of the 1988 loan of $ 88,774.50 is a taxable distribution. The only issue for decision is whether the remaining $ 50,000 of the 1988 loan is a taxable distribution. Discussion
If a participant in a qualified employer plan receives a loan from that plan, the amount of the loan is, as a general rule, treated as a distribution to the participant from the plan. Sec. 72(p)(1)(A). The Profit Sharing Plan was a qualified employer plan, and decedent was a participant in the Profit Sharing Plan. During 1988, decedent received a loan in the amount of $ 88,774.50 from the Profit Sharing Plan. Accordingly, unless an exception to the general rule applies, the loan from the Profit Sharing Plan is treated as a distribution from the plan. Sec. 72(p)(1)(A). *425 Distributions from a qualified plan are taxable as provided in section 402(a). Section 72(p)(2) provides an exception to the general rule of section 72(p)(1). The requirements of the exception under section 72(p)(2) are as follows: (1) The loan (when added to the outstanding balance of other loans from the plan) does not exceed the lesser of the amount set forth in section 72(p)(2)(A)(i) or (ii), sec. 72(p)(2)(A).; (2) the loan, by its terms, is required to be repaid within 5 years from the date of its inception or is made to finance the acquisition of a home which is the principal residence for the participant, sec. 72(p)(2)(B); and (3) the loan must have substantially level amortization with quarterly or more frequent payments required over the term of the loan. Sec. 72(p)(2)(C). In light of our conclusion hereinafter reached that the 1988 loan has failed the third requirement for the exception to the general rule of section 72(p)(1), we need not consider the other two requirements. Section 72(p)(2)(C) provides that the exception to the general rule of section 72(p)(1) "shall not apply to any loan unless substantially level amortization of such loan (with payments not less *426 frequently than quarterly) is required over the term of the loan." Petitioners contend that, since a demand note is a present debt and since the loan is payable in full at any time, a demand note should not be required to provide for quarterly installment payments in order to qualify under section 72(p)(2)(C). There is no support for this position. To satisfy section 72(p)(2)(C), a loan must require that payment of principal and interest[2] be made in substantially level amounts, not less frequently than quarterly, over the term of the loan. The demand note in question required that interest be paid at 12-1/2 percent per annum, with principal payable on demand. Thus, it failed to satisfy section 72(p)(2)(C). In their petition, petitioner and decedent stated that interest on the note was paid quarterly and that the entire loan was repaid within *427 5 years. However, regardless of when the payments happened to be made, the demand note did not require that the loan be repaid in quarterly installments of interest and principal that were substantially equal over the term of the loan. Thus, the requirement of section 72(p)(2)(C) has not been satisfied, and the entire amount of the 1988 loan is a taxable distribution. Decision will be entered for respondent. Footnotes
1. All section references are to the Internal Revenue Code in effect for the years in issue, unless otherwise indicated.↩
2. Amortization is defined as a "reduction in a debt or fund by periodic payments covering interest and part of principal". Black's Law Dictionary 83 (6th ed. 1990).↩